**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

In re:

SOLANGEL M BELLO                                   CASE NO. 19-20216-AJC
AKA SOLANGEL D BELLO                               CHAPTER 13
AKA SOLANGEL MERECDES BELLO
AKA SOLANGEL BELLO

                              Debtor.

_____/

**MOTION FOR ORDER CONFIRMING THE AUTOMATIC STAY IS NOT IN EFFECT**

**ANY INTERESTED PARTY WHO FAILS TO FILE AND SERVE A WRITTEN RESPONSE TO THIS MOTION WITHIN TWENTY-ONE (21) DAYS AFTER THE DATE OF SERVICE STATED IN THIS MOTION SHALL, PURSUANT TO LOCAL RULE 9013-1(D), BE DEEMED TO HAVE CONSENTED TO THE ENTRY OF AN ORDER IN THE FORM ATTACHED TO THIS MOTION.  ANY SCHEDULED HEARING MAY THEN BE CANCELED.**

Specialized Loan Servicing LLC, as servicing agent for MEB Loan Trust IV, U.S. Bank National Association, not in its individual capacity but solely as trustee ("Movant"), respectfully requests an Order Confirming the Automatic Stay is not in Effect as to Movant, pursuant to 11 U.S.C. §362(j), and states:

1.      On April 10, 2006, the Debtor, executed a promissory note in favor of Bank of America, NA and a mortgage securing payment of the promissory note regarding the following property:

**ALL THAT CERTAIN LAND IN MIAMI-DADE COUNTY, FLORIDA, TO-WIT:**

**LOT(S) 12, BLOCK 6 OF PRIMAVERA ADDITION 1 AS RECORDED IN PLAT BOOK 154, PAGE 20, ET SEQ., OF THE PUBLIC RECORDS OF MIAMI-DADE COUNTY, FLORIDA.**

**SUBJECT TO RESTRICTIONS, RESERVATIONS, EASEMENTS, COVENANTS, OIL, GAS OR MINERAL RIGHTS OF RECORD, IF ANY.**

**AKA 1624 NW 77th Path, Miami Lakes, FL 33016 ("Property").**

2.      In the Second Modified Plan (Doc. No. 84), the Debtors list the property in the Plan and note that payments will be made directly outside of the Plan beginning in Month 8.

3.      Paragraph 5 of the Order Granting Motion to Modify Plan (Doc. No. 92) provides for *in rem* relief to secured creditors for which the confirmed plan does not include payments.

4.      Pursuant to 11 U.S.C. §1327(b), the Property vested in the Debtor upon confirmation, which removed it from the estate.

5.      11 U.S.C. §362(c)(1) states:

**(c) Except as provided in subsections (d), (e), (f), and (h) of this section—**

**(1) the stay of an act against property of the estate under subsection (a) of this section continues until such property is no longer property of the estate;**

6.      11 U.S.C. §362(j) states:

**(j) On request of a party in interest, the court shall issue an order under subsection (c) confirming that the automatic stay has been terminated.**

7.      Accordingly, Movant seeks an order confirming that the automatic stay is not in effect as to its interest in the Property, as the Plan includes payments for Months 1 through 7 and then directly outside of the Plan in Month 8.

**WHEREFORE**, Movant, respectfully requests the Court enter an order confirming the termination of the automatic stay as to Movant and granting such other relief that the Court may deem just and proper.

*/s/ Gavin N. Stewart*
Gavin N. Stewart, Esquire
Florida Bar Number 52899
P.O. Box 5703
Clearwater, FL 33758
P: (727) 565-2653
F: (727) 213-9022
E: bk@stewartlegalgroup.com
Counsel for Movant

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing was served by CM/ECF notice

and first-class mail this 13th day of October 2020.

<u>/s/ Gavin N. Stewart</u>
Gavin N. Stewart, Esquire
Florida Bar Number 52899

**<u>VIA FIRST CLASS MAIL</u>**
Solangel M Bello
16424 NW 77th Path
Miami Lakes, FL 33016

**<u>VIA CM/ECF NOTICE</u>**
Timothy S Kingcade, Esq
1370 Coral Way
Miami, FL 33145

Nancy K. Neidich
POB 279806
Miramar, FL 33027

Office of the US Trustee
51 S.W. 1st Ave.
Suite 1204
Miami, FL 33130